UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                                Case No. 18-cr-20827

vs.                                         HON. MARK A. GOLDSMITH

D-1 BRIAN LOREN
D-2 RYAN LOREN
D-3 KAYLA LOREN
D-4 JAIME JOHNSON,

        Defendants.
_____/

## ORDER GRANTING MOTION FOR INQUIRY INTO JOINT REPRESENTATION (Dkt. 36)

This matter is before the Court on the Government's motion for inquiry into joint representation (Dkt. 36). In the motion, the Government requests – pursuant to Federal Rule of Criminal Procedure 44(c) – that the Court make inquiries into Defendants' decisions to be represented by the same attorney, Mark Linton. See Fed. R. Crim. P. 44(c)(2) ("The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel."). A defendant has the ability to waive the potential and actual conflicts of interest created by joint representation. See United States v. Osborne, 402 F.3d 626, 632 (6th Cir. 2005) (potential and actual conflict of interest created by joint representation waivable so long as the defendant "was provided with sufficient information to execute a 'knowing, intelligent, and voluntary' waiver of her rights.") (quoting United States v. Straughter, 950 F.2d 1223, 1234 (6th Cir. 1991)).

The Court made the relevant inquiries at hearings on May 30, 2019 and June 20, 2019, based on the questions approved by the Fist Circuit in <u>United States v. Ramirez-Benitez</u>, 292 F.3d 22, 29-30 (1st Cir. 2002). At those hearings, Defendants were all asked individually if they understood the actual and potential conflicts that might arise and whether they wished to proceed regardless. Defendants were also given the opportunity to consult with another attorney about their decision; Defendant Brian Loren did so. All Defendants swore under oath that they understood the actual and potential conflicts that might arise if Linton represents all four of them at trial and that they wished to proceed in that manner. Accordingly, the Court finds that the Defendants have knowingly and voluntarily waived the actual or potential conflict of being represented by the same counsel. The motion for inquiry into joint representation is granted, and Linton may continue to represent Defendants in this matter.

SO ORDERED.

Dated: June 26, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge